UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; CAPITAL RECORDS, INC., a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company,
        Plaintiffs

v.

JOHN DOE,
        Defendant

Civil Action No. 04-30224-MAP

AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY (Document No.3)
December 6, 2004

NEIMAN, U.S.M.J.

The matter is before the court on Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery ("Application"), filed November 18, 2004.  Having considered the Application, Plaintiffs' memorandum of law in support of the Application, and the Declaration of Jonathan Whitehead, the court concludes that the Application should be granted as specifically modified below.

On November 18, 2004, Plaintiffs filed a complaint for copyright infringement against one John Doe ("Defendant").  The complaint alleges that Defendant disseminated over the Internet copyrighted works owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et*

*seq*. However, Plaintiffs are only able to identify Defendant with a unique Internet Protocol ("IP") address; they do not know his or her name or any other identifying information. Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendant's Internet Service Provider ("ISP"), Mt. Holyoke College, whose subscriber activity log files would allegedly allow Plaintiffs to discover Defendant's identity. Specifically, Plaintiffs wish to serve a subpoena on Mt. Holyoke College pursuant to Fed. R. Civ. P. 45 seeking Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address. A MAC address is the hardware address that uniquely identifies each node, or processing location (such as a computer), of a network.

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Here, however, Plaintiffs argue that their immediate need for the data in the subscriber activity logs establishes good cause to waive the rule. They indicate that ISPs such as Mt. Holyoke College typically keep these logs for brief periods of time before erasing the data they contain. Thus, Plaintiffs argue, they might never be able to identify Defendant without at least attempting to obtain access to the data contained in the logs. (See Decl. of Jonathan Whitehead ¶ 22.)

In large part, the court agrees. Good cause for early discovery exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citation omitted).

*Cf. Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"). This is such a situation.

However, since Plaintiffs' Application was *ex parte*, the procedures followed must be circumscribed. For example, this order in no way may be read to prejudice Mt. Holyoke College's ability to seek a protective order or take such other actions in this court which it deems appropriate.

Accordingly, Plaintiffs' Application is GRANTED as follows: it is ORDERED:

1. Plaintiffs may serve a Rule 45 subpoena upon Mt. Holyoke College that seeks information sufficient to identify Defendant's true name, address, telephone number, e-mail address, and MAC address. The subpoena shall include Defendant's IP address and the date(s) and time(s) during which Defendant is known to Plaintiffs to have used the IP address in connection with allegedly infringing material.

2. Plaintiffs shall serve Mt. Holyoke College with a copy of this Order along with the subpoena.

3. If Mt. Holyoke College wishes to move to quash the subpoena or take such other action in this court it deems appropriate, it must do so within ten days of being served.

4. Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the complaint.

IT IS SO ORDERED.

DATED: December 6, 2004

       /s/ Kenneth P. Neiman
      KENNETH P. NEIMAN

U.S. Magistrate Judge