UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30224-MAP

SONY BMG MUSIC ENTERTAINMENT, )
a Delaware general partnership; )   (BBO #630952)
WARNER BROS. RECORDS, INC., )
a Delaware corporation; CAPITAL RECORDS, )
INC., a Delaware corporation; and ARISTA )
RECORDS LLC, a Delaware limited )
liability company, )
)
Plaintiffs )
)
v. )
)
JOHN DOE, )
)
Defendant )

## RULE 45(c)(2) (B) OBJECTION OF MOUNT HOLYOKE COLLEGE TO SUBPOENA

Now comes Mount Holyoke College (the "College") and objects to the subpoena served upon it by Plaintiffs on or about December 17, 2004, seeking "information, including name, address (school and permanent), telephone number (school and permanent), e-mail address (school and permanent), and Media Access Control addresses, sufficient to identify the alleged infringer of copyrighted sound recordings, listed by IP address in Attachment A to this subpoena." As grounds for this objection, the College states as follows:

1. The subpoena in this matter was served upon the College on December 17, 2004, at 12:30 p.m. in the afternoon.

2. The subpoena seeks to identify personal information concerning a student of the College.

{J:\CLIENTS\emp\133063\0103\00493923.DOC;1}

3.  Under the provisions of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232, and regulations issued to implement the requirements of that Act, the College may not comply with a subpoena requesting personal information until it has made "a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action ...." See 34 CFR § 99.31(a)(9); 20 U.S.C. § 1232(2)(b)(2)(B).

4.  Plaintiff's subpoena was issued to the College on the eve of semester break and requires the production of documents concerning the "alleged infringer" on January 7, 2005. Given the circumstances that the student currently faces in connection with final exams and the onset of the holiday season, the College does not believe that this subpoena provides it with adequate time to provide the student with sufficient notice to enable the student to seek judicial intervention opposing this subpoena.

5.  The College's objection to this subpoena is reinforced by the available evidence establishing that the so-called "alleged infringer" has not, in fact, infringed upon any rights of the Plaintiff. As indicated in the attached letter dated November 29, 2004, to the Senior Vice President for Legal Affairs for the Recording Industry Association of America, Inc., the College believes that there is evidence that the student was not in fact infringing on any rights of the Plaintiff that the student's computer had been "hacked," and that any alleged infringement of the Plaintiffs' rights did not arise from any willful violation by the student. The College therefore objects to turning over the information associated with the IP address sought by the subpoena because that evidence will not lead to the identification of the person(s) responsible for any infringement, to the identification of the proper defendant(s) in this action, or to admissible evidence. Instead, such a production will lead only to the identification of and invasion of

privacy of a student. The College therefore believes that it is especially appropriate in this circumstance that the time for response to Plaintiff's subpoena be extended to provide the student with sufficient time to obtain counsel to address the issues raised by the Plaintiff in the subpoena sub judice as envisioned by 34 CFR §99.31 (a)(9).

                                            MOUNT HOLYOKE COLLEGE
                                            By its attorney,

                                            /s/ Vincent F. O'Rourke, Jr.
                                            Vincent F. O'Rourke, Jr. (BBO #380335)
                                            Kimberly A. Stone (BBO #630952)
                                            Bowditch & Dewey, LLP
                                            311 Main Street, P.O. Box 15156
                                            Worcester, MA 01615-0156
                                            Tel. No.: (508) 791-3511

Date: December 23, 2004

# EXHIBIT A

Case 3:04-cv-30224-MAP    Document 9    Filed 12/23/2004    Page 4 of 7

# MOUNT HOLYOKE

Mount Holyoke College
Office of the Dean of the College
50 College Street
South Hadley, MA 01075-6443
tel 413-538-2481 fax 413-538-3059

Lee Bowie
Dean of the College
Vice President for Student Affairs
Professor of Philosophy

November 29, 2004

<u>VIA FACSIMILE</u>
(202) 775-7253
<u>AND FIRST CLASS MAIL</u>

Mr. Stanley Pierre-Louis
Senior Vice President
Legal Affairs for Recording Industry
 Association of America, Inc.
1330 Connecticut Avenue NW
Suite 300
Washington, D.C. 20036

Re:   RIAA John Doe Subpoena:  Mount Holyoke College

Dear Mr. Pierre-Louis:

     I am writing in response to correspondence received by Mount Holyoke College ("Mount Holyoke") from your organization on November 23, 2004. In that correspondence, you indicate that the Recording Industry Association of America, Inc. ("RIAA") filed a John Doe lawsuit against a user of Mount Holyoke's computer network. With that correspondence, you enclosed a "courtesy copy" of your Complaint, as well as a copy of the Motion for Expedited Discovery you apparently filed in that action. It is our understanding that you plan to issue a subpoena to Mount Holyoke, seeking identifying information for your John Doe, who is allegedly a student at Mount Holyoke whom you have identified as allegedly infringing upon copyrighted material via peer-to-peer ("P2P") technology.

     This action appears to be in furtherance of a previous correspondence from the RIAA, levying the same allegations. I trust you are aware that Mount Holyoke took the allegations previously levied by the RIAA seriously and endeavored to cooperate with the RIAA. Mount Holyoke investigated the allegations, including investigation of the Internet Protocol ("IP") address provided by the RIAA. As is its policy upon such notifications, Mount Holyoke terminated external internet access for that IP address unless and until the College could be assured by the owner of the machine that was using the IP address of full compliance with the law. Mount Holyoke's Network Services Department then interviewed the student, who reported

Mr. Stanley Pierre-Louis
November 29, 2004
Page 2

that she was not distributing any music or other copyrighted materials. The student further reported that she was not in her dorm room at the time the reported violation occurred. Further, we investigated the system logs, and determined that this particular IP number had never been flagged as being a high-bandwidth abuser on Mount Holyoke's network.

With respect to the user's computer itself, the student did report that the computer had been acting sufficiently problematically that she had run a program called SpyBot before she received any notification from us about your allegations. As I am certain you are aware, SpyBot is a program that searches, and optionally destroys, various kinds of adware or spyware that can get on computers from a variety of sources, including simply visiting certain websites using Internet Explorer.

As a result of the student's reported problems with her computer, Mount Holyoke's technicians thoroughly examined the computer without removing any materials. Our technicians found several items of note:

1. No P2P software was running on the computer;

2. The SpyBot logs from 2004-09-14 recorded that there had been a significant number of nefarious programs, some of which had been fixed, others of which have not been fixed;

3. The anti-virus definitions were old (5/12/04), but that updated anti-virus definitions did not find viruses;

4. There was no password on the student's administrator account; and

5. A list of open TCP\IP ports showed that the system was listening for connections on TCP ports 3487 to 3413.

As you are surely aware, a computer with no password on an administrator account, as is found with this student's computer, is extremely vulnerable to compromise by an infiltrator and programs can be installed on such a compromised computer by unknown parties. Further, as you are surely aware, the open, listening ports described above are symptomatic of a computer that has been compromised and that is no longer under the sole control of the owner of the machine.

Given this information, and given the demeanor of the student upon questioning, Mount Holyoke does not believe that this student was serving out any copyrighted material. Further, the steps the student reported taking were consistent with the reasonable steps which can be expected of an undergraduate student in avoidance of any distribution of copyrighted materials. This conclusion was reported to the RIAA by the College after thorough investigation.

Given that Mount Holyoke has determined that there is no reasonable basis to suspect any violations by the student at the particular IP number you have indicated, and that Mount Holyoke has communicated the foregoing conclusions to RIAA after exhaustive investigation, Mount Holyoke vehemently objects to any subpoena in this matter. Mount Holyoke views the RIAA's

Mr. Stanley Pierre-Louis
November 29, 2004
Page 3

continued pursuit of this matter as inappropriate and harassing, given Mount Holyoke's history of support and cooperation.

    Mount Holyoke is hopeful that this matter can be resolved without resort to further legal machination and without the necessity for Mount Holyoke to spend any further resources, financial or otherwise, on this investigation. As always, Mount Holyoke is dedicated to a cooperative approach to disputes and the maintenance of a law-abiding campus. At the same time, Mount Holyoke has an obligation to our students, both as educators and as citizens, to guard against unnecessary and baseless privacy intrusions.

    Please do not hesitate to contact me to discuss this matter further.

    Very truly yours,

    Lee Bowie
    Dean of the College