UNITED STATES DISTRICT COURT

DISTICT OF MASSACHUSETTS

WESTERN DIVISION

FILED
[illegible]

[illegible]

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, ) et al., )<br><br>)<br>)<br>)<br>Plaintiffs, )<br><br>)<br>v. )<br><br>)<br>John Doe, )<br><br>)<br>)<br>Defendant )<br>_____ ) | CIVIL ACTION No.: 04-300224-MAP |

## MOTION TO QUASH

The defendant John Doe moves for an order to quash the subpoena heretofore

served by the plaintiffs upon Mount Holyoke College on the grounds set forth in the

attached Memorandum in Support of Motion to Quash Subpoena.

Respectfully submitted,

Dated: February 3, 2005          By:

William C. Newman
Lesser Newman Souweine & Nasser
39 Main Street, Suite 1
Northampton, MA 01060
(413) 584-7331

Attorney for Defendant

Certificate of Service

I hereby certify that on this 3rd day of February, 2005, I served a copy of this motion to quash and accompanying memorandum of law on Colin J. Zick, attorney for the plaintiffs, by overnight mail to Foley Hoag LLP, Seaport World Trade Center, 155 Seaport Blvd, Boston, Massachusetts 02210-2600 and Vincent O'Rourke, Jr., Attorney for Mount Holyoke College, by overnight mail to Bowditch& Dewey, LLP, 311 Main Street, P.O. Box 15156, Worcester, MA  01615-0156.

William C. Newman

UNITED STATES DISTRICT COURT

DISTICT OF MASSACHUSETTS

WESTERN DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, )<br>et al., )<br> )<br> )<br>                                  Plaintiffs,  )<br> )<br>v.                                )<br> )<br>John Doe,                          )<br> )<br> )<br>                                  Defendant  )<br> ) | CIVIL ACTION No.: 04-300224-MAP |

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA

I.        Introduction

By motion the defendant (joined by Mount Holyoke College for substantially the reasons set forth in this Memorandum) has moved to quash the subpoena issued to Mount Holyoke College under the court's Amended Order Granting Plaintiffs' Motion for Leave to Take Immediate Discovery,   December 6, 2004.   ("Discovery Order" attached as Exhibit A).  By this subpoena, the Plaintiffs seek to discover the defendant's true name, address, telephone number, e-mail address, and Media Access Control Address (the "MAC" address).  The subpoena is objected to for the reasons set forth fully below.

II.        Statement of Facts

1.        On November 18, 2004, the plaintiffs, various record companies, filed this action against the defendant, John Doe, alleging that she utilized an online distribution

1

system (e.g., a peer to peer or "P2P" system), to download, distribute and/or make available for distribution, copyrighted works owned by the plaintiffs. A copy of the complaint is attached as Exhibit B.

2.    On November 19, 2004, Stanley Pierre-Louis, Senior Vice-President of Legal Affairs of the Recording Industry Association of America ("RIAA") sent a letter to Joanne Creighton, President of Mount Holyoke College, enclosing a copy of the complaint and plaintiffs' motion for expedited discovery. The letter outlined the plaintiffs' plan to issue a subpoena to Mount Holyoke as the Internet Provider for John Doe, in order to discover John Doe's identifying information. A copy of the letter is attached as Exhibit C.

3.    On November 29, 2004, Lee Bowie, Dean of the College, responded by letter to Mr. Pierre-Louis, describing in detail Mount Holyoke's reasons for objecting to the subpoena. Mr. Bowie described the investigation that the college undertook regarding the allegations, and stated that the college had found "no reasonable basis to suspect any violations" by the defendant. More specifically, the investigation found the following information.

a.  No P2P software was running on the computer.

b.  There was no password on the student's administrator account, making it extremely vulnerable to compromise by an infiltrator.

c.  The computer had open TCP/IP listening ports, symptomatic of a computer that had been compromised and was no longer under the sole control of the owner of the machine.

Moreover, the student reported that she was not in her room at the time the reported violation occurred. In essence, Mount Holyoke found that --- even if the violations had occurred --- the student's computer had been at risk of being pirated and the student was not the responsible party. A copy of this letter is attached as Exhibit D.

4.    On December 6, 2004, the court issued the Discovery Order, allowing service of a subpoena upon Mount Holyoke College to obtain information sufficient to identify the defendant. As its basis for granting early discovery, the court expressed a concern that the subscriber activity logs, which contain the defendant's identifying information, might be destroyed by Mount Holyoke. As the court stated, "ISPs such as Mt. Holyoke typically keep these [subscriber activity] logs for brief periods of time before erasing the data they contain." Discovery Order, p.2.

5.    On December 16, 2004, the plaintiffs subpoenaed Mount Holyoke in order to obtain the identifying information of the defendant. A copy of the subpoena is attached as Exhibit E.

6.    By agreement with the plaintiffs, Mount Holyoke was given until February 7, 2004 to respond to the subpoena.

7.    Since the Court's Discovery Order, and in support of this motion to quash, Mount Holyoke has averred that it does not maintain "subscriber activity logs" which track or record subscriber internet or download activity but that it does maintain an IP Assignment Listing, which contains the subscriber identification information sought by the subpoena. Mount Holyoke, through the Director of its Network Services Department, has sworn not to destroy or erase the IP Assignment Listing until further notice and

3

approval by the court. See Affidavit of Michael Crowley, Director of Mount Holyoke's Network Services Department, attached as Exhibit F.

8.    The attorney for the defendant, William Newman, has sworn by affidavit that he will confer with the plaintiff's counsel as required under F.R.C.P 26(f), even in the absence of the disclosure of the defendant's identifying information pursuant to the above subpoena. See attached, Exhibit G.

9.    Although as a practical matter some notice has been received by the defendant, there has not been court ordered and supervised notice, as the Federal District Court for the District of Massachusetts (Eastern Division) has required in other similar cases. See attached, Exhibit H.

### III.    Argument

Very clearly, this is not the typical expedited discovery case so frequently cited by the plaintiffs in their memorandum supporting the motion for leave to take immediate discovery. Several important distinctions exist. First, and most significantly, there is no danger to the plaintiffs that the information they wish to discover will be destroyed, as Mount Holyoke has sworn by affidavit not to destroy or erase the IP Assignment Listing containing such information. Second, Mount Holyoke – among the most respected collegiate educational institutions in the nation – conducted an investigation in which they found no reasonable basis to believe that the student in question had committed the violations alleged in the complaint. Third, the defendant has not received proper notice with attendant rights pursuant to court order and supervision.

Under F.R.C.P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." However, a court will grant early

discovery if a party established good cause to waive the rule. Discovery Order, p. 2. Under the current circumstances as they now exist, the plaintiffs have not and cannot make a showing of good cause.

    A.    The IP Assignment Listing Will Not Be Erased

As its sole reason for finding good cause in this case, the court stated that the subscriber activity logs were at risk of being erased by Mount Holyoke:

> ISPs such as Mt. Holyoke College typically keep these logs for brief periods of time before erasing the data they contain. Thus, Plaintiffs argue, they might never be able to identify Defendant without at least attempting to obtain access to the data contained in the logs. (See Decl. of Jonathan Whitehead ¶ 22.)

>     In large part, the court agrees. Good cause for early discovery exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D.Colo. 2003).

Discovery Order, p.2. However, by affidavit, the Director of Mount Holyoke's Network Services Department has sworn that Mount Holyoke does not maintain subscriber activity logs, which track or record subscriber internet or download activity, but that it does maintain an IP Assignment Listing containing the information sought by the plaintiffs under F.R.C.P. Rule 45. Through its Director of Network Services, Mount Holyoke has sworn "that this IP Assignment Listing will not be destroyed, erased, or otherwise consumed by Mount Holyoke College until further notice and approval by the court." Affidavit, Exhibit F. Therefore, no risk now exists that the requested information will disappear.

As such, the plaintiffs have no legitimate grounds to request early discovery. Rather, the conference under F.R.C.P. 26(f) – "one of the most successful changes in the

1993 [F.R.C.P.] amendments" – can occur without impediment. Advisory Committee Notes, 2000 Amendments.    In fact, William Newman, counsel for the unnamed defendant, has sworn by affidavit to confer with the plaintiffs' counsel under that rule, and to discuss "the prompt settlement or resolution of the case." Exhibit G.    The case will move forward without impediment, and no risk or harm will come to the plaintiffs.

On the other hand, the defendant has a substantial interest in not having her personal identity revealed against her will.  As the Southern District Court of New York has recognized, "the use of P2P file copying networks to download, distribute, or make sound recordings available qualifies as speech entitled to First Amendment protection." Sony Music Entertainment, Inc. v. Does 1-40, 326 F.Supp.2d 556, 564 (S.D.N.Y. 2004). Indeed, the courts have employed a balancing test in weighing a defendant's right to remain anonymous in P2P cases against the plaintiffs' alleged need for discovery of the P2P user's identity. *See, e.g.,* Dendrite v. Doe, 775 A.2d 756 (N.J.App. 2001); Melvin v. Doe, 49 Pa.D.&C. 4th 449 (2000), *appeal quashed,* 789 A.2d 696, 2001 Pa. Super.330 (2001), *appeal reinstated,* 836 A.2d 42 (Pa. 2003).    Against the defendant's First Amendment right to anonymous speech, the court must weigh the complete lack of harm faced by the plaintiffs in this case.  Again, Mount Holyoke has agreed not to destroy or erase the IP Assignment Listing until further notice by the court.  Moreover, defendant's counsel had agreed to participate fully in the conference procedures mandated by F.R.C.P. 26(f). Therefore, no conceivable harm will come to the plaintiffs by the court's granting of the motion to quash, while an alternative result will needlessly trample defendant's First Amendment protected rights.

B.    Mount Holyoke Has Conducted an Investigation Finding No Violations
By the Student

As the court itself has noted, good cause exists where "the need for expedited
discovery, in consideration of the administration of justice, outweighs the prejudice to the
responding party." Discovery Order, p.3, citing Semitool, Inc. v. Tokyo Electron
America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002). Given the utter lack of need for
expedited discovery in the present case, as discussed above, the interest of Mount
Holyoke in protecting the privacy of its students is paramount. In this case, the internet
provider, Mount Holyoke, has conducted an investigation and has concluded there is no
evidence of complained about activity by this student. Though Mount Holyoke
understands that is not the arbiter of liability, it should not act against its own conclusions
without a real prejudice to the plaintiffs. Moreover, the college has a relationship of trust
and responsibility toward its young students – unlike commercial internet providers – and
this relationship will be undermined if the subpoena goes forward. On balance,
therefore, Mount Holyoke's very considerable interests outweigh the plaintiffs'
unsubstantiated desire for a "quick fix" to the standard discovery process.

C.    The Defendant Has Not Received Proper Notice Pursuant to Court Order
and Supervision

In the balancing the interests between a defendant's first amendment right to
anonymous internet speech and the plaintiffs' need for expedited discovery, courts have
drawn by analogy from the test adopted by many courts in deciding whether to compel
disclosure of anonymous sources or donors. The test was most fully articulated in
Dendrite v. Doe, 775 A.2d 756 (N.J.App. 2001), which remains the only appellate
opinion in the country to consider the issue squarely. Dendrite requires the plaintiff to:

7

(1) use the Internet to notify the accused of the pendency of the identification proceeding and to explain how to present a defense; (2) expressly state the specific actionable activities; (3) allege all elements of the cause of action; (4) present evidence supporting the claim of violation; and (5) show the court that, on balance and in the particulars of the case, the right to identify the speaker outweighs the First Amendment right of anonymous speech. Id. at 760-761. The plaintiffs have not met these conditions in the present case, but have only supplied Mount Holyoke with a "courtesy copy" of the complaint and thereafter a subpoena. The defendant has never been properly notified.

Several other courts have similarly set forth requirements of notice, review of the complaint, and presentation of argument and evidence before an ISP will be compelled to identify an Internet speaker. For example, in Melvin v. Doe, 49 Pa.D.&C. 4th 449 (2000), *appeal quashed*, 789 A.2d 696, 2001 Pa. Super.330 (2001), *appeal reinstated*, 836 A.2d 42 (Pa. 2003), the trial court allowed an anonymous defendant to present evidence and seek summary judgment, ordering disclosure only after finding genuine issues of material fact requiring trial. In reversing the denial of the defendant's interlocutory appeal, the Pennsylvania Supreme Court discussed at length the conflict between the right to speak anonymously and the plaintiff's right to identify a potential defendant, and remanded for consideration of whether evidence of actual damage had to be presented before the right of anonymous speech could be disregarded, Melvin 836 A.2d at 47-50. Again, in the current case the defendant has not been properly notified with attendant rights pursuant to court order and supervision.

Indeed, the Federal District Court for the District of Massachusetts (Eastern Division) has required such judicial notice and supervision in other similar cases. See attached, Exhibit H.

## IV.    Conclusion

In the case at hand, the defendant and Mount Holyoke College have removed any basis for expedited recovery by the plaintiffs. First, Mount Holyoke has sworn not to destroy or erase the IP Assignment Listing until further notice by the Court. Second, the case will go forward in normal fashion, as the defendant's attorney has sworn to confer with the plaintiffs' attorney as required under F.R.C.P. 26(f). It is clear, therefore, that the plaintiffs' rights are not threatened in any manner.

In contrast, both the defendant and Mount Holyoke have presented real interests that deserve the protection of the court. The defendant possesses a recognized First Amendment right to anonymous Internet speech. For its part, Mount Holyoke has an interest in protecting the rights of its students and in acting responsibly toward them. Thus, in balancing the competing interests, the considerable interests of the defendant and Mount Holyoke outweigh the complete lack of harm to the plaintiffs.

Finally, the defendant deserves proper notice with attendant rights pursuant to court order and supervision.

Respectfully submitted,

Dated: February 3, 2005               By: _William C. Newman_
                                              William C. Newman
                                              Lesser Newman Souweine & Nasser
                                              39 Main Street, Suite 1
                                              Northampton, MA 01060
                                              (413) 584-7331

                                              Attorney for Defendant

9

<u>Certificate of Service</u>

I hereby certify that on this 3rd day of February, 2005, I served a copy of this memorandum in support of motion to quash subpoena on Colin J. Zick, attorney for the plaintiffs, by overnight mail to Foley Hoag LLP, Seaport World Trade Center, 155 Seaport Blvd, Boston, Massachusetts 02210-2600 and Vincent O'Rourke, Jr., Attorney for Mount Holyoke College, by overnight mail to Bowditch& Dewey, LLP, 311 Main Street, P.O. Box 15156, Worcester, MA 01615-0156.

William C. Newman

10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SONY BMG MUSIC
ENTERTAINMENT, a Delaware
general partnership; WARNER BROS.
RECORDS INC., a Delaware
corporation; CAPITAL RECORDS,
INC., a Delaware corporation; and
ARISTA RECORDS LLC, a Delaware
limited liability company,

              Plaintiffs

         v.

JOHN DOE,

              Defendant

Civil Action No. 04-30224-MAP

## AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY (Document No.3)
### December 6, 2004

NEIMAN, U.S.M.J.

    The matter is before the court on Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery ("Application"), filed November 18, 2004. Having considered the Application, Plaintiffs' memorandum of law in support of the Application, and the Declaration of Jonathan Whitehead, the court concludes that the Application should be granted as specifically modified below.

    On November 18, 2004, Plaintiffs filed a complaint for copyright infringement against one John Doe ("Defendant"). The complaint alleges that Defendant disseminated over the Internet copyrighted works owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et*

*seq.* However, Plaintiffs are only able to identify Defendant with a unique Internet Protocol ("IP") address; they do not know his or her name or any other identifying information. Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendant's Internet Service Provider ("ISP"), Mt. Holyoke College, whose subscriber activity log files would allegedly allow Plaintiffs to discover Defendant's identity. Specifically, Plaintiffs wish to serve a subpoena on Mt. Holyoke College pursuant to Fed. R. Civ. P. 45 seeking Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address. A MAC address is the hardware address that uniquely identifies each node, or processing location (such as a computer), of a network.

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Here, however, Plaintiffs argue that their immediate need for the data in the subscriber activity logs establishes good cause to waive the rule. They indicate that ISPs such as Mt. Holyoke College typically keep these logs for brief periods of time before erasing the data they contain. Thus, Plaintiffs argue, they might never be able to identify Defendant without at least attempting to obtain access to the data contained in the logs. (See Decl. of Jonathan Whitehead ¶ 22.)

In large part, the court agrees. Good cause for early discovery exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citation omitted).

2

*Cf. Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002)

(good cause exists where "the need for expedited discovery, in consideration of the

administration of justice, outweighs the prejudice to the responding party"). This is

such a situation.

However, since Plaintiffs' Application was *ex parte,* the procedures followed

must be circumscribed. For example, this order in no way may be read to prejudice Mt.

Holyoke College's ability to seek a protective order or take such other actions in this

court which it deems appropriate.

Accordingly, Plaintiffs' Application is GRANTED as follows: it is ORDERED:

1.   Plaintiffs may serve a Rule 45 subpoena upon Mt. Holyoke College that
     seeks information sufficient to identify Defendant's true name, address,
     telephone number, e-mail address, and MAC address. The subpoena
     shall include Defendant's IP address and the date(s) and time(s) during
     which Defendant is known to Plaintiffs to have used the IP address in
     connection with allegedly infringing material.

2.   Plaintiffs shall serve Mt. Holyoke College with a copy of this Order along
     with the subpoena.

3.   If Mt. Holyoke College wishes to move to quash the subpoena or take
     such other action in this court it deems appropriate, it must do so within
     ten days of being served.

4.   Any information disclosed to Plaintiffs in response to the subpoena may
     be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights
     under the Copyright Act as set forth in the complaint.

IT IS SO ORDERED.

DATED: December 6, 2004

                            /s/ Kenneth P. Neiman
                            KENNETH P. NEIMAN

3

U.S. Magistrate Judge

EXHIBIT D

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION No. 04 . 30224-MAP

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs assert the following claims against Defendant.

### JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2.    This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by the Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendant uses an online service provider found in this District to access the Internet, which facilitated Defendant's infringing activities.

## PARTIES

4.      Plaintiff Sony BMG Music Entertainment is a Delaware general partnership, with its principal place of business in the State of New York.

5.      Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6.      Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7.       Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8.       Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9.       The true name and capacity of the Defendant is unknown to Plaintiffs at this time. Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant by his or her online service provider on the date and time at which the infringing activity of Defendant was observed.  See Exhibit A.  Plaintiffs believe that information obtained in discovery will lead to the identification of Defendant's true name.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

10.       Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

11.       Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings").  Each of the Copyrighted Recordings is the

3

subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on Exhibit A.

12.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

13.    Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download, distribute to the public, and/or make available for distribution to others, certain of the Copyrighted Recordings. Exhibit A identifies a list of copyrighted recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed for Defendant on Exhibit A, Plaintiffs are informed and believe that Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others additional sound recordings owned by or exclusively licensed to the Plaintiffs or Plaintiffs' affiliate record labels.)

14.    Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional and in disregard of and with indifference to the rights of Plaintiffs.

15.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against Defendant for each infringement by the Defendant of each copyrighted recording. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

16.    The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.    For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make

any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.     For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.     For Plaintiffs' costs in this action.

4.     For Plaintiffs' reasonable attorneys' fees incurred herein.

5.    For such other and further relief as the Court may deem just and proper.

                                              SONY BMG MUSIC ENTERTAINMENT;
                                              UMG RECORDINGS, INC.; WARNER
                                              BROS. RECORDS INC.; CAPITOL
                                              RECORDS, INC.; and ARISTA RECORDS
                                              LLC

                                              By their attorneys,

DATED: _____ 11/8/04          By:  _____
                                              Colin J. Zick (BBO No. 556538)
                                              Gabriel M. Helmer (BBO No. 652640)
                                              FOLEY HOAG LLP
                                              155 Seaport Boulevard
                                              Boston, MA 02210-2600
                                              Phone: (617) 832-1000
                                              Fax:    (617) 832-7000

Of Counsel:
Yvette Molinaro
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064-1683
Phone: (310) 312-2000
Fax:    (310) 312-3100

7

EXHIBIT A

## Doe #1 (138.110.226.138 2004-09-12 01:30:00 (EDT))

| COPYRIGHT OWNER | ARTIST | RECORDING TITLE | ALBUM TITLE | SR# |
|---|---|---|---|---|
| Capitol Records, Inc. | Duran Duran | Electric Barbarella | Medazzaland | 181-386 |
| UMG Recordings, Inc. | Bon Jovi | Livin' on a Prayer | Slippery When Wet | 71-794 |
| Sony BMG Music Entertainment | Blue Oyster Cult | Burnin' For You | Fire of Unknown Origin | 29-371 |
| Arista Records LLC | Outkast | Ms. Jackson | Stankonia | 306-741 |
| Capitol Records, Inc. | Thomas Dolby | She Blinded Me With Science | The Golden Age Of Wireless | 46-842 |
| Capitol Records, Inc. | Billy Idol | Rebel Yell | Rebel Yell | 52-131 |
| Warner Bros. Records Inc. | Van Halen | Hot for Teacher | 1984 (MCMLXXXIV) | 52-319 |
| Sony BMG Music Entertainment | Michael Jackson | Rock With You | Off The Wall | 11-120 |

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

| | | |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) | CIVIL ACTION No.: 04- 30224. MAP |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JOHN DOE, | ) ) | |
| Defendant. | ) ) ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, and Local Rule 26.3, the Declaration of Jonathan Whitehead, and the authorities cited in the supporting memorandum of law, hereby move this Court for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1.    Plaintiffs record companies filed this action for copyright infringement against the Doe Defendant. In order to obtain the identity of the Doe Defendant, Plaintiffs require immediate discovery on a third party Internet Service Provider ("ISP") before the identifying information is destroyed in the ordinary course of business by the ISP.

2.      As alleged in the complaint, the Doe Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works, distribute copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true name of the Doe Defendant, Plaintiffs have identified him or her by a unique Internet Protocol ("IP") address assigned to the Defendant on the date and at the time of his or her infringing activity.

3.      Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking the Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") addresses. Without this information, Plaintiffs cannot identify the Doe Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4.      Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there is no known defendant with whom to confer.

WHEREFORE, Plaintiffs move this Court to issue an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Respectfully submitted,

DATED: _____11/8/04_____    By: _____

Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:    (617) 832-7000

ATTORNEYS FOR PLAINTIFFS

2

EXHIBIT C



MOUNT HOLYOKE
COLLEGE

NOV 2 3 2004

OFFICE OF THE
PRESIDENT

November 19, 2004

Joanne Creighton
President
Mount Holyoke College
President's Office
50 College Street
South Hadley, MA 01075-1496

Re: Pending John Doe Lawsuit for Copyright Infringement

Dear President Creighton:

I am Senior Vice President, Legal Affairs of the Recording Industry Association of America ("RIAA"). This letter is a follow up to Cary Sherman's electronic mail message to you of November 17, 2004.

As you know, on November 18, 2004, several of the RIAA's member companies filed a John Doe lawsuit against one user of your College network. This action is part of a well-publicized enforcement program we launched last year to address the pervasive problem of music copyright infringement over peer-to-peer networks. We trust that you understand the danger that digital music piracy poses to our industry and our urgent need to address the issue.

For your information, we have enclosed a courtesy copy of the complaint as well as the motion for expedited discovery we filed in this action. In the motion, we request that the Court issue an order permitting us to immediately seek the identifying information of the Doe defendant through the discovery process. As you will see, the proposed order in this matter seeks only minimal information to identify the user. In addition, it limits use of identifying information to the protection of the plaintiffs' copyrights in the pending action.

Courts have generally granted our motion and issued an order within a few days, although this obviously depends on the particular court. Once an order is granted, we will issue a subpoena to your University under Rule 45 of the Federal Rules of Civil Procedure. This subpoena will seek the identifying information of the user (identified by Internet Protocol ("IP") address in the lawsuit). Some court orders specify the number of days within which a University must respond. We will note the response date on the subpoena itself.

Joanne Creighton
November 19, 2004
Page 2

Once you receive the subpoena, we encourage you to notify the particular user targeted by the pending litigation regarding our request for identifying information. After we receive the user's identifying information, we intend to contact the user prior to naming him or her in the lawsuit, in the hope that we may settle our claim before the need to identify the user publicly.

With regard to other infringing users on your network, we will continue to alert you to upcoming subpoenas. As has been our practice, we will send e-mails to your College contact with the IP address information of the infringing users. Of course, please maintain the identifying information until we issue a formal subpoena. We also encourage you to notify these users that we intend to seek their identifying information in a legal proceeding.

We hope that you find the information in this letter helpful. We are extraordinarily grateful for the steps that the College and University community has taken to address the epidemic of illegal file sharing. Please feel free to contact me at (202) 775-0101 if you have any questions or if you would like to discuss this matter further. You may also contact our outside counsel, Yvette Molinaro of Mitchell Silberberg & Knupp LLP, at (310) 312-3297.

Thank you in advance for your cooperation and understanding.

Sincerely,

Stanley Pierre-Louis
Senior Vice President, Legal Affairs

Enclosures

EXHIBIT D

November 29, 2004

VIA FACSIMILE
(202) 775-7253
AND FIRST CLASS MAIL

Mr. Stanley Pierre-Louis
Senior Vice President
Legal Affairs for Recording Industry
  Association of America, Inc.
1330 Connecticut Avenue NW
Suite 300
Washington, D.C. 20036

Re:   RIAA John Doe Subpoena:  Mount Holyoke College

Dear Mr. Pierre-Louis:

I am writing in response to correspondence received by Mount Holyoke College ("Mount Holyoke") from your organization on November 23, 2004. In that correspondence, you indicate that the Recording Industry Association of America, Inc. ("RIAA") filed a John Doe lawsuit against a user of Mount Holyoke's computer network. With that correspondence, you enclosed a "courtesy copy" of your Complaint, as well as a copy of the Motion for Expedited Discovery you apparently filed in that action. It is our understanding that you plan to issue a subpoena to Mount Holyoke, seeking identifying information for your John Doe, who is allegedly a student at Mount Holyoke whom you have identified as allegedly infringing upon copyrighted material via peer-to-peer ("P2P") technology.

This action appears to be in furtherance of a previous correspondence from the RIAA, levying the same allegations. I trust you are aware that Mount Holyoke took the allegations previously levied by the RIAA seriously and endeavored to cooperate with the RIAA. Mount Holyoke investigated the allegations, including investigation of the Internet Protocol ("IP") address provided by the RIAA. As is its policy upon such notifications, Mount Holyoke terminated external internet access for that IP address unless and until the College could be assured by the owner of the machine that was using the IP address of full compliance with the law. Mount Holyoke's Network Services Department then interviewed the student, who reported

Mr. Stanley Pierre-Louis
November 29, 2004
Page 2

that she was not distributing any music or other copyrighted materials. The student further
reported that she was not in her dorm room at the time the reported violation occurred. Further,
we investigated the system logs, and determined that this particular IP number had never been
flagged as being a high-bandwidth abuser on Mount Holyoke's network.

With respect to the user's computer itself, the student did report that the computer had
been acting sufficiently problematically that she had run a program called SpyBot before she
received any notification from us about your allegations. As I am certain you are aware, SpyBot
is a program that searches, and optionally destroys, various kinds of adware or spyware that can
get on computers from a variety of sources, including simply visiting certain websites using
Internet Explorer.

As a result of the student's reported problems with her computer, Mount Holyoke's
technicians thoroughly examined the computer without removing any materials. Our technicians
found several items of note:

1.    No P2P software was running on the computer;

2.    The SpyBot logs from 2004-09-14 recorded that there had been a significant
      number of nefarious programs, some of which had been fixed, others of which
      have not been fixed;

3.    The anti-virus definitions were old (5/12/04), but that updated anti-virus
      definitions did not find viruses;

4.    There was no password on the student's administrator account; and

5.    A list of open TCP\IP ports showed that the system was listening for connections
      on TCP ports 3487 to 3413.

As you are surely aware, a computer with no password on an administrator account, as is
found with this student's computer, is extremely vulnerable to compromise by an infiltrator and
programs can be installed on such a compromised computer by unknown parties. Further, as you
are surely aware, the open, listening ports described above are symptomatic of a computer that
has been compromised and that is no longer under the sole control of the owner of the machine.

Given this information, and given the demeanor of the student upon questioning, Mount
Holyoke does not believe that this student was serving out any copyrighted material. Further, the
steps the student reported taking were consistent with the reasonable steps which can be expected
of an undergraduate student in avoidance of any distribution of copyrighted materials. This
conclusion was reported to the RIAA by the College after thorough investigation.

Given that Mount Holyoke has determined that there is no reasonable basis to suspect any
violations by the student at the particular IP number you have indicated, and that Mount Holyoke
has communicated the foregoing conclusions to RIAA after exhaustive investigation, Mount
Holyoke vehemently objects to any subpoena in this matter. Mount Holyoke views the RIAA's

Mr. Stanley Pierre-Louis
November 29, 2004
Page 3

continued pursuit of this matter as inappropriate and harassing, given Mount Holyoke's history of support and cooperation.

Mount Holyoke is hopeful that this matter can be resolved without resort to further legal machination and without the necessity for Mount Holyoke to spend any further resources, financial or otherwise, on this investigation. As always, Mount Holyoke is dedicated to a cooperative approach to disputes and the maintenance of a law-abiding campus. At the same time, Mount Holyoke has an obligation to our students, both as educators and as citizens, to guard against unnecessary and baseless privacy intrusions.

Please do not hesitate to contact me to discuss this matter further.

Very truly yours,

Lee Bowie
Dean of the College

Issued by the

# United States District Court

DISTRICT OF MASSACHUSETTS



SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS,
INC.; WARNER BROS. RECORDS INC.; CAPITOL RECORDS,
INC.; and ARISTA RECORDS LLC

## SUBPOENA IN A CIVIL CASE

vs.

**JOHN DOE**

To:      Mount Holyoke College
     50 College Street
     South Hadley, MA 01075

Case No. 04-30224-MAP

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the
above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects): **Information, including name, address (school and permanent),
telephone number (school and permanent), e-mail address (school and permanent), and Media Access Control addresses, sufficient
to identify the alleged infringer of copyrighted sound recordings, listed by IP address in Attachment A to this Subpoena.**

| PLACE | DATE AND TIME |
|---|---|
| Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>Phone: (617) 832-1000 | January 7, 2005, 10:00 a.m. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for
each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (Indicate if attorney for Plaintiff or Defendant)<br>Attorneys for Plaintiffs | DATE<br>12/16/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**COLIN J. ZICK**
**Foley Hoag LLP**
**155 Seaport Boulevard**
**Boston, MA 02210**
**Phone: (617) 832-1000**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

# PROOF OF SERVICE

| SERVED | Date | Place |
|--------|------|-------|
|        |      |       |

served on (Print Name)

| | Manner of Service |
|-|-------------------|

served by (Print Name)

Title

# DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    Date

Signature of Server _____

Address of Server _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)     (A)     A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i)     fails to allow reasonable time for compliance;

(ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**EXHIBIT F**

UNITED STATES DISTRICT COURT

DISTICT OF MASSACHUSETTS

WESTERN DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, )<br>et al., )<br> )<br> )<br> )<br>                  Plaintiffs, )<br> )<br>v. )<br> )<br>John Doe, )<br> )<br> )<br>                  Defendant )<br> ) | CIVIL ACTION No.: 04-300224-MAP |

AFFIDAVIT

I, Michael Crowley, Director of Mount Holyoke College's Network Services Department, hereby depose and state that the College does not maintain "subscriber activity logs" which track or record subscriber internet or download activity. Accordingly, these logs cannot be destroyed.  The College does maintain an IP Assignment Listing, which contains subscriber identification information, the information sought by the plaintiffs under F.R.C.P. Rule 45.  I hereby depose and state that this IP Assignment Listing will not be destroyed, erased, or otherwise consumed by Mount Holyoke College until further notice and approval by the court.

Signed to under the pains and penalties of perjury this 3rd day of February, 2005.

Michael A Crowley

EXHIBIT G

UNITED STATES DISTRICT COURT

DISTICT OF MASSACHUSETTS

WESTERN DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, )<br>et al., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>John Doe, )<br>)<br>)<br>Defendant )<br>) | CIVIL ACTION No.: 04-300224-MAP |

## AFFIDAVIT

I, William C. Newman, attorney for John Doe in the above-entitled action, hereby depose that I will meet all requirements under Federal Rule of Civil Procedure 26(f), including conferring with plaintiff's counsel to discuss "the prompt settlement or resolution of the case," even if the motion to quash is granted and the defendant's identity remains anonymous for the time being. The case is in fact going forward. The discussion between myself and counsel for the plaintiffs was cordial and, I believe, productive and will be on-going.

Signed to under the pains and penalties of perjury this 3rd day of February, 2005.

William C. Newman

EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

INTERSCOPE RECORDS, et al.,          )
        Plaintiffs,                  )
                                     )
    v.                               )      C.A. No. 04-12435-NG
                                     )
JOHN DOE,                            )
_____Defendant._____ )
GERTNER, D.J.:

ORDER RE: EXPEDITED DISCOVERY
December 9, 2004

Upon consideration of plaintiffs' Motion for Leave to Take
Immediate Discovery [Document #3], and plaintiffs' supporting
memorandum and declaration [Documents ## 4,5], plaintiffs' Motion
is hereby **GRANTED**. It is further **ORDERED** as follows:

1.  Plaintiffs may take immediate discovery of Boston
    College to obtain the identity of Doe defendant by
    serving a Rule 45 subpoena that seeks information
    sufficient to identify Doe defendant, including name,
    address, telephone number, e-mail address, and Media
    Access Control addresses for defendant. No further
    information about Doe defendant shall be revealed;

2.  Plaintiffs may use the information obtained by this
    Rule 45 subpoena solely for the purpose of protecting
    plaintiffs' rights under the Copyright Act;

3.  Plaintiffs shall attach the Court Directed Notice
    Regarding Issuance of Subpoena, a copy of which is
    attached to this Order, to their Rule 45 subpoena. The

Rule 45 subpoena shall instruct Boston College to distribute a copy of the Notice to Doe defendant within seven days of service of the subpoena.

4. Boston College shall not respond to the Rule 45 subpoena until fourteen days after Doe defendant has received the Notice.

5. Any future notices to any defendant in this case or any related case filed in the District of Massachusetts must be pre-approved by the Court and filed in the record.

SO ORDERED.

Dated: December 9, 2004          s/ NANCY GERTNER U.S.D.J.

2

### COURT-DIRECTED NOTICE
### REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing Boston College, your
Internet Service Provider ("ISP") to disclose your name. The subpoena
has been issued because you have been sued in the United States
District Court for the District of Massachusetts in Boston,
Massachusetts, as a "John Doe" by several major record companies. You
have been sued for infringing copyrights on the Internet by uploading
and/or downloading music. The record companies have identified you
only as a "John Doe" and have served a subpoena on your ISP to learn
your identity. This notice is intended to inform you of some of your
rights and options.

### YOUR NAME HAS NOT YET BEEN DISCLOSED.
### YOUR NAME WILL BE DISCLOSED IN 14 DAYS IF YOU DO NOT
### CHALLENGE THE SUBPOENA

Your name has not yet been disclosed. The record companies have
given the Court enough information about your alleged infringement to
obtain a subpoena to identify you, but the Court has not yet decided
whether you are liable for infringement. You can challenge the
subpoena in Court. You have 14 days from the date that you received
this notice to file a motion to quash or vacate the subpoena. If you
file a motion to quash the subpoena, your identity will not be
disclosed until the motion is resolved (and the companies cannot
proceed against you until you are identified). The second page of
this notice can assist you in locating an attorney, and lists other
resources to help you determine how to respond to the subpoena. If
you do not file a motion to quash, at the end of the 14 day period,
your ISP will send the record company plaintiffs your identification
information.

### OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court of
Massachusetts, the record companies must establish jurisdiction over
you in Massachusetts. If you do not live or work in Massachusetts, or
visit the state regularly, you may be able to challenge the
Massachusetts court's jurisdiction over you. If your challenge is
successful, the case in Massachusetts will be dismissed, but the
record companies may be able to file against you in another state
where there is jurisdiction.

The record companies may be willing to discuss the possible
settlement of their claims against you. The parties may be able to
reach a settlement agreement without your name appearing on the public
record. You may be asked to disclose your identity to the record
companies if you seek to pursue settlement. If a settlement is
reached, the case against you will be dismissed. It is possible that
defendants who seek to settle at the beginning of a case will be
offered more favorable settlement terms by the record companies. You
may contact the record companies' representatives by phone at (206)

973-4145, by fax at (206) 242-0905, or by email at info@settlementsupportcenter.com.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

### RESOURCE LIST

The organizations listed below provide guidance on how to find an attorney. If you live in or near Massachusetts or Boston, the second and third listings below provide referrals for local attorneys.

American Bar Association
http://www.abanet/org/legalservices/findlegalhelp/home.htm

Massachusetts Bar Association
http://www.massbar.org
Lawyer referral service - (617) 338-0610

Boston Bar Association
http://www.bostonbar.org
Lawyer referral service - (617) 742-0625

The organizations listed below have appeared before other courts around the country in similar lawsuits as "friends of the court" to attempt to protect what they believe to be the due process and First Amendment rights of Doe defendants.

Electronic Frontier Foundation
454 Shotwell Street
San Francisco, California 94110-1914
email: RIAAcases@eff.org

Public Citizen
1600 20th Street, NW
Washington, DC 20009
phone: (202) 588-7721
email: litigation@citizen.org

2